Clifford P. Bendau, II (030204)
THE BENDAU LAW FIRM PLLC
6350 East Thomas Road, Suite 330
Scottsdale, Arizona 85251
Telephone: (480) 296-7887
Facsimile: (480) 429-3679
Email: cliffordbendau@bendaulaw.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Stephanie R. Fausnacht,<br><br>                            Plaintiff,<br><br>vs.<br><br>Lion's Den Management, LLC d/b/a Denny's<br><br>                            Defendant, | No. _____<br><br>**COMPLAINT**<br><br>**(Demand for Jury Trial)** |

COMES NOW Plaintiff, Stephanie R. Fausnacht ("Plaintiff"), individually, by and through the undersigned attorney and sues the Defendant, Lion's Den Management, LLC d/b/a Denny's ("Defendant") and she alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40 hour workweeks. See 29

-1-

U.S.C. § 206(a). The FLSA's definition of the term "wage," in turn, recognizes that under certain circumstances, an employer of tipped employees may credit a portion of its employees' tips against its minimum wage obligation, a practice commonly referred to as taking a "tip credit." See id. § 203(m). The FLSA further recognizes that, under certain circumstances, an employee may be engaged in "dual jobs," during which an employer may only impose a tip credit on an employee's wages for time spent working while engaged in a tip-producing occupation, or a non-tipped occupation under circumstances in which a tipped employee must perform non-tipped labor in excess of 20 percent of his or her regular workweek. See 29 U.S.C. § 203(m). See also 29 C.F.R. § 531.56(e), Department of Labor Field Operations Handbook § 30d00(e).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. This civil action arises under the Constitution and law of the United States.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendant regularly conducts business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

5. At all material times, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendant.

6. At all material times, Defendant was a limited liability company duly licensed to transact business in the State of Arizona. Defendant does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

7. At all relevant times, Plaintiff was an employee of Defendant. At all relevant times, Defendant, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant. In any event, at all relevant times, Defendant was an employer subject to the Fair Labor Standards Act (FLSA) and employed Plaintiff.

8. At all relevant times, Plaintiff was an "employee" of Lion's Den Management, LLC as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

9. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Lion's Den Management, LLC.

10. At all relevant times, Lion's Den Management, LLC were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq*.

11. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

12. Plaintiff, in her work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## NATURE OF THE CLAIM

13. Defendant owns and/or operates as Lion's Den Management, LLC d/b/a Denny's, an enterprise located in Maricopa County, Arizona.

14. Plaintiff was hired by Defendant as a tipped employee as defined by the FLSA, 29 U.S.C. § 201, *et seq.*, to work as a server, and Plaintiff worked for Defendant between approximately May 1, 2014 and January 31, 2015, when Plaintiff left her employment with Defendant.

15. Rather than pay their tipped employees the applicable minimum wage, for the time Plaintiff was paid as a tipped employee, Defendant imposed a tip credit upon Plaintiff at below the applicable minimum wage.

16. As a result of Defendant's imposition of a tip credit, Plaintiff was forced to perform work at an hourly rate that was less than the applicable minimum wage.

17. Defendant engaged in the regular practice of requiring Plaintiff to perform a substantial amount of non-tipped labor related to her tipped occupation in excess of 20% of her regular workweek and non-tipped labor unrelated to her tipped occupation over the course of her regular workweeks.

18. Examples of non-tipped labor related to Plaintiff's tipped occupation that exceeded 20% of Plaintiff's regular workweek, include, but are not limited to: preparatory and workplace maintenance tasks such as brewing tea, brewing coffee, rolling silverware, cleaning soft drink dispensers, wiping down tables, setting tables, busing tables, cutting and stocking fruit, stocking ice, taking out trash, scrubbing walls, sweeping floors, restocking to-

-4-

go supplies, cleaning booths, cleaning ramekins, sweeping, mopping, restocking all stations, washing dishes, and breaking down and cleaning the expo line.

19. Examples of non-tipped labor unrelated to Plaintiff's tipped occupation that Plaintiff performed during her regular workweeks, include, but are not limited to: preparatory and workplace maintenance tasks such as taking out trash, scrubbing walls, sweeping floors, cleaning booths, sweeping, mopping, washing dishes, breaking down and cleaning the expo line, restocking restrooms, and cleaning toilets, urinals, and restroom floors.

20. As a result of Defendant's willful requirement that Plaintiff perform a substantial amount of non-tipped labor related to her tipped occupation in excess of 20% of her regular workweeks and non-tipped labor unrelated to her tipped occupation over the course of her regular workweeks, Defendant paid Plaintiff less than the overall minimum wage for such work that Plaintiff performed for Defendant, such that the average of Plaintiff's hourly wages was less than the applicable minimum wage.

21. In both policy and practice, Defendant regularly and consistently required Plaintiff to perform the above-listed non-tipped labor related to her tipped occupation in excess of twenty percent (20%) of Plaintiff's regular workweek before, during, and after scheduled shifts; before the restaurant was open to customers; after the restaurant was closed to customers; while Plaintiff had few to no customers to serve; before serving her first customer; and after being "cut" from serving customers.

22. In both policy and practice, Defendant regularly and consistently required Plaintiff to perform the above-listed non-tipped labor unrelated to her tipped occupation

during the course of Plaintiff's regular workweek before, during, and after scheduled shifts; before the restaurant was open to customers; after the restaurant was closed to customers; while Plaintiff had few to no customers to serve; before serving her first customer; and after being "cut" from serving customers.

23. As a result of Defendant's requirement that Plaintiff perform such non-tipped labor related to her tipped occupation, and in excess of twenty percent (20%) of her regular workweek, while earning the reduced tip credit rate, Plaintiff was engaged in a non-tipped occupation, as defined by the "dual jobs" regulation 29 C.F.R. §§ 531.56(e) and (a) and the Department of Labor Field Operations Handbook §30d00(e), for such work performed during that time. Such work performed by Plaintiff included, but was not limited to, spending more than part of her time cleaning and setting tables and making coffee, and more than occasionally washing dishes or glasses. As a result, Defendant was prohibited from taking the tip credit for the hours Plaintiff spent working in a non-tipped occupation. Plaintiff is, therefore, entitled, under 29 C.F.R. § 531.56(a) and 29 U.S.C. § 216(b), to the overall minimum wage for all time spent performing such non-tipped, dual occupation labor. As such, Defendant paid Plaintiff less than the overall minimum wage for the work Plaintiff performed during her regular workweek, in willful violation of the FLSA, 29 U.S.C. § 206(a).

24. As a result of Defendant's requirement that Plaintiff perform such non-tipped labor unrelated to her tipped occupation, while earning the reduced tip credit rate, Plaintiff was engaged in a non-tipped occupation, as defined by the "dual jobs" regulation 29 C.F.R. §§ 531.56(e) and (a) and the Department of Labor Field Operations Handbook §30d00(e), for such work performed during that time. Such work performed by Plaintiff included, but

was not limited to, spending more than part of her time cleaning and setting tables and making coffee, and more than occasionally washing dishes or glasses. As a result, Defendant was prohibited from taking the tip credit for the hours Plaintiff spent working in her non-tipped occupation. Plaintiff is, therefore, entitled, under 29 C.F.R. § 531.56(a), to the overall minimum wage for all time spent performing such non-tipped, dual occupation labor. As such, Defendant paid Plaintiff less than the overall minimum wage for the work Plaintiff performed during her regular workweek, in willful violation of the FLSA, 29 U.S.C. § 206(a).

25. As a result of Defendant's willful failure to compensate Plaintiff the applicable minimum wage for such hours worked, Defendant has violated 29 U.S.C. § 206(a).

26. Defendant knew that – or acted with reckless disregard as to whether – its failure to pay to Plaintiff the full applicable minimum wage, without applying the tip credit, for time spent performing labor in such a non-tipped occupation, would violate federal and state law, and Defendant was aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

27. Defendant has and continues to willfully violate the FLSA by not paying Plaintiff the full applicable minimum wage for time spent performing non-tipped labor related to her tipped occupation in excess of 20% of her regular workweeks, and non-tipped labor unrelated to her tipped occupation over the course of her regular workweeks.

28. In a given workweek, and during each and every workweek for which Plaintiff worked for Defendant as a tipped employee, Defendant required Plaintiff to perform a substantial amount of non-tipped labor related to her tipped occupation in excess of 20% of

her regular workweek and non-tipped labor unrelated to her tipped occupation over the course of her regular workweek. Defendant paid Plaintiff less than the overall minimum wage for such work that Plaintiff performed for Defendant, such that the average of Plaintiff's hourly wages was less than the applicable minimum wage, in willful violation of 29 U.S.C. § 206(a). Defendant required Plaintiff to perform non-tipped labor related to her tipped occupation in excess of 20% of her regular workweeks and non-tipped labor unrelated to her tipped occupation each and every workweek during which she worked for Defendant.

29. For example, during workweek of July 28, 2014, Defendants required Plaintiff to perform, and Plaintiff did perform, non-tipped labor related to her tipped occupation in excess of 20 percent of her regular workweek, despite being compensated less than the full applicable minimum wage for such time. Such conduct by Defendant violated 29 U.S.C. § 206(a).

30. For example, during workweek of July 28, 2014, Defendants required Plaintiff to perform, and Plaintiff did perform, non-tipped labor unrelated to her tipped occupation during her regular workweek, despite being compensated less than the full applicable minimum wage for such time. Such conduct by Defendant violated 29 U.S.C. § 206(a).

31. Plaintiff believes and therefore avers that Defendant owes her similar wages for each and every workweek during which she worked for Defendant for the entire duration of her employment. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

32. Defendant engaged in the regular practice of failing to accurately, if at all, record the time during which Defendant suffered or permitted Plaintiff to work. As such, Defendant's records of Plaintiff's time worked, if in existence, understate the duration of time each workweek that Defendant suffered or permitted Plaintiff to work.

33. Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

34. Plaintiff was a non-exempt employee.

35. Defendant refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

36. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

37. Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

38. Plaintiff has retained The Bendau Law Firm, PLLC to represent her in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on her behalf.

/ /

/ /

### COUNT ONE: FAIR LABOR STANDARDS ACT
### NON-TIPPED LABOR RELATED TO TIPPED WORK IN EXCESS OF 20%

39. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

40. Defendant intentionally failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, *et seq.*, 29 C.F.R. § 531.56(e), and the Department of Labor Field Operations Handbook §30d00(e) by requiring Plaintiff in a given workweek, and during each and every workweek Plaintiff was employed by Defendant, to perform non-tipped labor related to her tipped occupation in excess of twenty percent (20%) of her regular 40-hour workweek, while paying Plaintiff at the tip credit rate.

41. Defendant intentionally failed and/or refused to pay Plaintiff the full applicable minimum wage according to the provisions of the FLSA for time she spent performing non-tipped labor related to her tipped occupation in excess of twenty percent (20%) of a given workweek, for each and every workweek that Plaintiff was employed by Defendant, in violation of 29 U.S.C. § 206(a).

42. As such, full applicable minimum wage for such time Plaintiff performed non-tipped labor related to her tipped occupation in excess of twenty percent (20%) of her regular workweek is owed to Plaintiff for each and every workweek she was employed by Defendant.

43. Defendant knew that – or acted with reckless disregard as to whether – its failure to pay to Plaintiff the full applicable minimum wage, without applying the tip credit, for time spent performing labor in such a non-tipped occupation, would violate federal and state law, and Defendant was aware of the FLSA minimum wage requirements during

-10-

Plaintiff's employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

44. Plaintiff is therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Stephanie R. Fausnacht, individually, respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendant Lion's Den Management, LLC for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT TWO: FAIR LABOR STANDARDS ACT
## NON-TIPPED LABOR UNRELATED TO TIPPED WORK

45. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

46. Defendant intentionally failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, *et seq.*, 29 C.F.R. § 531.56(e), and the Department of Labor Field Operations Handbook §30d00(e) by requiring Plaintiff in a given workweek, and during each and every workweek Plaintiff was employed by Defendant, to perform non-tipped labor unrelated to her tipped occupation over the course of her regular 40-hour workweek, while paying Plaintiff at the tip credit rate.

47. Defendant intentionally failed and/or refused to pay Plaintiff the full applicable minimum wage according to the provisions of the FLSA for time she spent

performing non-tipped labor unrelated to her tipped occupation over the course of a given workweek, for each and every workweek that Plaintiff was employed by Defendant, in violation of 29 U.S.C. § 206(a).

48.   As such, full applicable minimum wage for such time Plaintiff performed non-tipped labor unrelated to her tipped occupation over the course of her regular workweek is owed to Plaintiff for each and every workweek she was employed by Defendant.

49.   Defendant knew that – or acted with reckless disregard as to whether – its failure to pay to Plaintiff the full applicable minimum wage, without applying the tip credit, for time spent performing labor in such a non-tipped occupation, would violate federal and state law, and Defendant was aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

50.   Plaintiff is therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Stephanie R. Fausnacht, individually, respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendant Lion's Den Management, LLC for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 12th day of August, 2015.

        THE BENDAU LAW FIRM, PLLC

        By: /s/ *Clifford P. Bendau, II*
        Clifford P. Bendau, II (OH No. 0089601)
        THE BENDAU LAW FIRM PLLC
        6350 East Thomas Road, Suite 330
        Scottsdale, Arizona 85251
        Telephone AZ: (480) 296-7887
        Telephone OH: (216) 395-4226
        Facsimile: (480) 429-3679
        Email: cliffordbendau@bendaulaw.com
        *Attorney for Plaintiff*