Karen Leone Karr (014501)
**K. LEONE KARR LAW OFFICE**
7904 E. Chaparral Road, #A110-469
Scottsdale, AZ 85250
Telephone: 602.694.4089
Email: Karen@KLeoneKarr.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephanie R. Fausnacht,<br><br>   Plaintiff,<br><br>   vs.<br><br>Lion's Den Management LLC,<br><br>   Defendant. | No. 2:15-cv-01561-SMM<br><br>**JOINT MOTION<br>TO APPROVE<br>FLSA SETTLEMENT** |

Pursuant to this Court's February 25, 2019 Order (Doc. No. 31), the parties hereby seek approval of their settlement agreement. This Court may approve the proposed settlement agreement if it is a fair and reasonable compromise of the issues. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (l1th Cir. 1982). *See also Apolinar v. Food Concepts Int'l, Inc. d/b/a Abuelo's, et al.*, No. 2:14-cv-00351-SMM (D. Ariz. 2015) (adopting the reasoning in *Lynn's Food Stores*).

The parties respectfully seek an order of this Court (1) approving settlement of Plaintiff's FLSA claims, and (2) dismissing Plaintiff's claims with prejudice.

Respectfully submitted this 29th day of March, 2019.

**K. LEONE KARR LAW OFFICE**

By   /s/ Karen L. Karr
    Karen L. Karr
    *Attorney for Defendant*

K. L

By

BENDAU & BENDAU PLLC

By   /s/ Clifford P. Bendau (with permission)
     Clifford P. Bendau, II
     *Attorney for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   BACKGROUND AND CLAIMS

Plaintiff brought this action against her former employer for alleged minimum wage violations under the Fair Labor Standards Act (FLSA). To avoid the ongoing costs and risks of litigation (and without admitting liability), Defendant agreed to pay identified sums to Plaintiff. The parties negotiated the terms of a Settlement Agreement, a copy of which is submitted with this Motion as an exhibit.

### II.   A BONA FIDE DISPUTE EXISTS.

In reviewing an FLSA settlement, a court must first determine whether a bona fide dispute exists. *Simko v. World Class Car Wash LLC*, 2018 U.S. Dist. LEXIS 205096, *4 (D. Ariz. 2018). In this case, Plaintiff asserts two violations of the FLSA.

The 80/20. Plaintiff waitress alleges that the FLSA prohibits Defendant restaurant from taking a tip credit for any time she spent performing tasks related to her serving duties but which did not generate tips (if the time exceeded 20% of her shift); Defendant asserts that the FLSA allows it to take a tip credit for all time Plaintiff spends waiting on tables and related tasks, whether tip-producing or not.

Defendant denies that Plaintiff spent any such time. The parties have not yet engaged in fact discovery.

Dual Jobs. The parties agree that the FLSA prohibits an employer from taking a tip credit if Plaintiff spent more than a *de minimus* portion of any shift performing tasks that

are unrelated to her occupation as a server.  Defendant denies that Plaintiff spent any such time.  The parties have not yet engaged in fact discovery.

### III.     THE PARTIES' AGREEMENT IS FAIR AND EQUITABLE.

A district court may approve the settlement of an FLSA claim if it reflects a reasonable compromise over the issues to promote the policy of encouraging settlement of litigation.  *Juvera v. Salcido*, 2013 U.S. Dist. LEXIS 176716 *23 (D. Ariz. 2013).  While there are no agreed-upon factors to consider in evaluating a proposed FLSA settlement, the following may be relevant in the instant case.

####     A.     The Strength of Plaintiff's Case and the Employer's Defense

Plaintiff, a restaurant server, seeks one discrete type of compensation:  She alleges the Defendant employer improperly took a tip credit for some of her work hours.  Her claim that she performed related tasks for more than 20% of her shift has a somewhat convoluted legal background. This Court dismissed the claim, but the Ninth Circuit ultimately reversed that decision.  Discovery has not yet begun in this matter, but Defendant denies that this is true and denies that such a cause of action exists.

Plaintiff's second claim is that she worked some discrete time during one or more shifts performing tasks that were not related to her occupation as server (in a dual occupation).  Discovery has not yet begun in this matter, but Defendant denies that this is true.

####     B.     Risk, Expense, Complexity and Likely Duration of Further Litigation

The parties have not started discovery.  This Court dismissed Plaintiff's claim at the pleading stage.

If this matter does not settle, the parties will again embark upon the legal battle regarding the 80/20 rule.  Defendant would (again) move for dismissal.  The losing party would (again) appeal to the Ninth Circuit.  If any portion of the claim survived, the parties would once again be back to their current posture.

As noted below, the amount in controversy is minimal; the parties wish to avoid the cost of continued litigation.

### C. Amount Offered to Plaintiff.

During the time Plaintiff was employed by Defendant, the FLSA minimum wage was $7.25. Time records produced by Defendant establish that, during the entire period of her employment, Plaintiff worked a total of 830.73 hours for which she was paid varying rates between $5.17 and $7.90 per hour. The difference between the rate paid for each hour and the $7.25 FLSA minimum wage – for 100% of the hours Plaintiff worked – was only $852.05. Obviously, Plaintiff is not entitled to full minimum wage for 100% of the hours she worked.

Defendant has offered (and Plaintiff has accepted) the sum of $2,000 for her claim. Although this is admittedly more than Plaintiff could recover at trial (even with liquidated damages), Defendant is willing to pay this sum to end the litigation.

### D. Amount Offered for Payment of Attorney's Fees

Where a proposed settlement of an FLSA claim includes the payment of attorney's fees, the court must assess the reasonableness of the fee. *Simko*, 2018 U.S. Dist. Lexis 205096 at *7.

Defendant asserts that, even if ultimately successful on the dual-occupation claim, Plaintiff is not entitled to recover attorneys' fees spent on the 80/20 claim; Plaintiff argues that the 80/20 claim is viable, and seeks recovery of all fees. Defendant offered (and Plaintiff's counsel accepted) the sum of $10,000 in full satisfaction of all fees for this matter. Defendant will also pay the sum of $911.74 in court costs.

### E. Potential Legal and Appeal Issues

Plaintiff argues that the DOL's recent actions do not moot the Ninth Circuit decision in this case. Defendant argues that the DOL's acknowledgement that it erroneously interpreted the FLSA undermines the Ninth Circuit reliance on the earlier interpretation, and therefore requires a reversal of that ruling. Both parties assert that another Ninth Circuit appeal would be necessary if they lose at the trial court level.

### F. Experience and Views of Counsel

Plaintiff and Defendant were represented during the settlement negotiations by counsel who are experienced in the litigation of FLSA claims. Plaintiff's counsel believes this is an appropriate recovery of all unpaid wages and related damages for its client. Defendant's counsel believes that the amount is an appropriate amount to avoid the cost and risk of trial and future appeals.

### IV. CONCLUSION AND RELIEF REQUESTED

The parties to the Settlement Agreement believe it represents a fair and reasonable compromise of the disputed issues in this case. The parties therefore respectfully request that the Court review the parties' proposed Settlement Agreement, rule that the terms of the agreement represent a fair and equitable resolution of this action, and dismiss the claims of Plaintiff with prejudice.

DATED this 29th day of March, 2019.

**K. LEONE KARR LAW OFFICE**

By    /s/ Karen L. Karr
   Karen L. Karr
   *Attorney for Defendant*

**BENDAU & BENDAU PLLC**

By    /s/ Clifford P. Bendau (with permission)
   Clifford P. Bendau, II
   *Attorney for Plaintiff*

I hereby certify that on March 29, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

   /s/ Karen L. Karr