IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephanie R Fausnacht,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Lion's Den Management LLC,<br><br>　　　　　Defendant. | No. CV-15-01561-PHX-SMM<br><br>**ORDER** |

　　　　Pending before the Court is Plaintiff Stephanie Fausnacht and Defendant Lion's Den Management LLC's Joint Motion to Approve Settlement Agreement. (Doc. 32.) Because this matter involves Fair Labor Standards Act ("FLSA") claims asserted against Defendant, the parties were ordered to submit the settlement agreement to the Court for approval and to ensure its enforceability. (Doc. 31 at 1.) After review and consideration, the Court will grant the parties' joint motion and approve the proposed settlement agreement.

**I.　　BACKGROUND**

　　　　Plaintiff brought this action against her former employer for alleged minimum-wage violations under the FLSA. (Doc. 32 at 5.) In her Complaint, Plaintiff alleged that Defendant failed to pay her the federal minimum wage for her work as a server because, as a tipped employee, she was required to perform non-tipped related duties in excess of 20% of her workweek. (Id. at 2.) Plaintiff alleged that Defendant also violated the FLSA by requiring Plaintiff to engage in dual jobs – that is, performing non-tipped, non-related duties – while earning a reduced tip credit rate. (Id. at 2-3.)

On September 11, 2015, Defendant filed a motion to dismiss for failure to state a claim (Doc. 7), and the Court granted Defendant's motion (Doc. 12), terminating Plaintiff's case in its entirety. Plaintiff then filed an appeal to the Ninth Circuit. (Doc. 14.) The Ninth Circuit reversed and remanded this Court's decision, relying on the Department of Labor's ("DOL") interpretation of a dual-jobs regulation. (Doc. 18.) The DOL, however, later withdrew its interpretation of the regulation. (Doc. 25 at 2 (referring to U.S. Dep't, Wage & Hour Div., Opinion Letter (Nov. 8, 2018)).)

The Court held a Rule 16 Scheduling Conference on January 16, 2019. (Doc. 26.) On February 25, 2019, the parties filed a notice of settlement. (Doc. 30.) The parties now seek approval of the proposed settlement agreement. (Doc. 32.)

## II.   DISCUSSION

Under the reasoning set forth in Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982), there are only two ways in which back-wage claims under the FLSA can be settled or compromised by employees.[1] One, pursuant to 29 U.S.C. § 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owing to them. Id. at 1353. The second way is provided in the context of litigation brought directly by employees against their employer pursuant to § 216(b) to recover back wages. Id. When an employee brings a private action for back wages and presents to the district court a proposed settlement, the district court "may enter a stipulated judgment after scrutinizing the settlement for fairness." Id.

Outside of the FLSA context, the Court normally does not rule on a private settlement agreement negotiated between the parties. However, because this is a FLSA action against Defendant, the parties must seek approval of their settlement agreement to ensure its enforceability. The Court may approve the settlement if it is a fair and reasonable compromise of the issues. See Lynn's Food Stores, 679 F.2d at 1354.

The Court has reviewed the proposed settlement agreement between the parties.

---

[1] While the Ninth Circuit has not specifically addressed the issue, district courts in the Ninth Circuit have followed the reasoning set forth in Lynn's Food Stores. See, e.g., Hand v. Dionex Corp., No. CV 06-1318-PHX-JAT, 2007 WL 3383601, at *1 (D. Ariz. Nov. 13, 2007).

(Doc. 32-2.) According to the proposed settlement agreement, Defendant will pay Plaintiff $2,000.00 and Plaintiff's counsel $10,000.00. (<u>Id.</u> at 1; Doc. 32 at 4.) In addition, Defendant will pay court costs in the amount of $911.74. (Docs. 32-2 at 1; 32 at 4.)

The Court finds that the proposed settlement agreement is a fair and reasonable resolution of the issues. First, absent the proposed settlement agreement, the parties would have to relitigate the state of the law as alleged in Plaintiff's Complaint and would have risked additional adverse rulings throughout this litigation. In addition, the proposed settlement agreement provides payments to Plaintiff for wage compensation in an amount greater than what Plaintiff could recover at trial. Moreover, the proposed settlement agreement provides reasonable payments to Plaintiff's counsel for attorney's fees and court costs. Therefore, based on the foregoing, the Court will approve the proposed settlement agreement entered into between the parties.

### III.  CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED granting** the parties' Joint Motion to Approve Settlement Agreement. (Doc. 32.)

**IT IS FURTHER ORDERED approving** the parties' proposed settlement agreement. (Doc. 32-2.)

**IT IS FURTHER ORDERED directing** the Clerk of Court to **dismiss with prejudice** this case.

Dated this 24th day of April, 2019.

_____
Honorable Stephen M. McNamee
Senior United States District Judge